United States District Court
Southern District of Texas
**ENTERED**
April 28, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CEDRIC DESHAWNN GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00002 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner Cedric Deshawnn Green (#02243133), is a Texas state prisoner currently incarcerated in the Polunsky Unit of the Texas Department of Criminal Justice, Institutional Division in Livingston, Texas.  Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 27, 2022, challenging his 2018 Nueces County conviction for murder.[1]  (D.E. 1).  Respondent filed a Motion for Summary Judgment on March 15, 2023 to which Petitioner responded on April 17, 2023.  (D.E. 14 and D.E. 15).  For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.  (D.E. 14).

---

[1]The petition was signed on December 27, 2022 and received by the Court on January 3, 2023. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

## I.     JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction is proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Southern District of Texas.  28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

On December 10, 2018, after a jury trial, Petitioner was convicted of murder and engaging in organized criminal activity in the 117th District Court of Nueces County, Texas, Case Number 17FC-4466B, and was sentenced to 55 and 65 years imprisonment respectively, sentences to run concurrently. (D.E. 13-1, Pages 7-8).[2]  The Court of Appeals for the Thirteenth District of Texas affirmed Petitioner's murder conviction on  December 22, 2020, while also finding the evidence was legally insufficient to support his conviction for engaging in organized criminal activity.  (D.E. 12-6).  On July 15, 2021, his petition for

---

[2]A detailed background of the underlying facts of this case are provided in Defendant's brief as reported by the state court and therefore, they need not be repeated in this M & R at length.  (D.E. 12-6, Pages 2-8 and D.E. 14, Pages 4-6).  In short, Petitioner conspired and participated with three others in murdering Juan "Stephanie" Montez on October 21, 2017 as retribution for Montez's theft of $20.00 in dimes.  (D.E. 14, Pages 4-5).  There was testimony from one accomplice that Petitioner was the leader of the conspiracy to lure Montez to a secluded area where Petitioner, who drove all involved to the scene, then instructed two others to shoot Montez with Petitioner's gun, reloading the gun once.  (D.E. 14, Page 5).

discretionary review ("PDR") was filed which was later refused by the Texas Court of Criminal Appeals ("TCCA") on September 15, 2021.  (D.E. 12-12 and D.E. 12-13). Petitioner filed a state habeas application challenging his murder conviction which was denied without written order on the findings of the trial court without a hearing and on its independent review of the record on November 16, 2022.  (D.E. 12-18).  Petitioner filed the pending federal habeas action on December 27, 2022.  (D.E. 1, Page 12).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").  However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other*

*grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id.*

### B.  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of

materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision.  If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision.  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3]  Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories

---

[3]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits.  *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Richter*, 562 U.S. at 102. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id.* at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

## IV.   PETITIONER'S ALLEGATIONS OF ERROR

Petitioner raises several grounds for relief asserting

1. The trial court erred when it instructed the jury that it could find him guilty of murder as a principal actor or as a party because there was no evidence presented at trial that

he intended to cause serious bodily injury or the death of the victim.

2. He received ineffective assistance of trial counsel by failing to object:
   a. to an erroneous jury instruction relating to unanimity
   b. to the court's ruling regarding Juror #7's statement to the prosecutor; and
   c. to evidence, specifically text messages, not authenticated pursuant to Tex. R. Evid. 901.

3. The trial court erred when it denied defense counsel's objection and motion for mistrial after the State presented State's Exhibit 32 to the jury.

4. The appellate court erred when it affirmed his murder conviction based on a "hypothetically correct jury charge."

5. The trial court erred when it allowed Juror #7 to continue as a juror; and

6. The prosecution misled the jury when it presented the uncorroborated witness testimony of Randy Dorsey.

The undersigned recommends each of these arguments is either procedurally barred from consideration or they are without merit, as discussed below.

## V.    DISCUSSION

### A. All Claims of Trial and Appellate Court Error are Procedurally Barred

Petitioner did not raise his first, third, fourth, fifth and sixth claims on direct appeal but did raise them in his state habeas corpus application.  However, "[t]he Texas Court of Criminal Appeals has repeatedly held that claims that could have been raised on direct appeal [but were not] may not be raised [for the first time] in a state habeas petition." *Boone v. Davis*, No. 4:14-cv-945-A, 2016 WL 7496730, at *7 (N.D. Tex. Dec. 30, 2016) (citation omitted); *Brown v. Davis*, No. 4:19-cv-547-Y, 2020 WL 3036549, at *7 (N.D. Tex. June 4, 2020) (Same and finding "[t]he state habeas court clearly relied upon a firmly established and regularly followed state procedural rule to recommend denial of this

claim") (citations omitted).  Therefore, the trial court here found Petitioner's "claims of trial and appellate court error [were] incognizable on habeas review."  (D.E. 13-5, Page 34).  The Texas Court of Criminal Appeals then denied Petitioner's state habeas application without written order on the findings of the trial court without a hearing and on its independent review of the record.  (D.E. 12-18).  Given the state habeas court's decision that these claims were not cognizable on state habeas review as they were procedurally barred, these claims are not entitled to federal habeas relief, as discussed below.

Not only must a federal habeas applicant fairly present any claim to the highest available state court prior to seeking federal review, the applicant must also have presented the claims to the state court in the procedurally correct manner.  *Brown*, 2020 WL 3036549, at *7 ("Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default.") (citations omitted).  Therefore, Petitioner's first, third, fourth, fifth and sixth claims are procedurally barred from federal habeas review as they should have been raised through Petitioner's direct appeal proceedings and could not be considered for the first time in a state writ of habeas corpus.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) ("The Great Writ should not be used to litigate matters which should have been raised on direct appeal."); *Keels, Jr. v. Davis*, No. 3:18-cv-60-M-BN, 2019 WL 1228206, at *2-3 (N.D. Tex. Feb. 20, 2019) report and recommendation adopted by 2019 WL 1227794 (N.D. Tex. Mar. 15,

8 / 22

2019); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (An adequate and independent state ground "bars federal habeas review…because the prisoner had failed to meet a state procedural requirement.") (citing *Coleman*, 501 U.S. at 729-30); *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time" it is to be applied) (citation omitted); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (same); (D.E. 12-18); (D.E. 13-5, Pages 7-9 and 34); and (D.E. 14, Page 14, FN 7).

These five grounds for relief have not been presented to Texas Court of Criminal Appeals in a procedurally correct manner.  Therefore, the state court's doctrine may be relied upon as an adequate and independent state ground for dismissal, forming the basis for the application of the procedural default doctrine.  *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) (The Fifth Circuit has recognized the state rule discussed above is independent and adequate to bar federal habeas corpus review).  Petitioner's failure to present these grounds for relief properly in state court on direct appeal is a procedural default that bars federal habeas corpus review.  *Id.*; *Boone*, 2016 WL 7496730, at *7; *Brown*, 2020 WL 3036549, at *7.

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  To demonstrate "cause," a petitioner must prove some condition external to the defense impeded his efforts to comply with procedural rules, the

factual or legal basis of the claim was not available, or governmental interference rendered procedural compliance impractical. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, in this case, a miscarriage of justice would mean Petitioner has shown he is actually innocent of the crime for which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (To establish actual innocence, Petitioner must support his allegations with new, reliable evidence that was not presented at trial and also must demonstrate it is more likely than not that no reasonable juror would have convicted him light of the new evidence) (citations omitted); *Konemany v. Stephens*, No. H-13-2309, 2013 WL 6858506, at *3 (S.D. Tex. Dec. 30, 2013) ("By 'fundamental miscarriage of justice' is meant that he was actually innocent of the crime.") (citations omitted).

It is recommended Petitioner has failed to establish cause and prejudice nor has he shown he is actually innocent. *Coleman*, 501 U.S. at 729-32.; *Fearance*, 56 F.3d at 642. Therefore, the undersigned recommends Petitioner's first, third, fourth, fifth and sixth claims are procedurally barred from federal habeas corpus review.

**B.  Ineffective Assistance of Counsel**

Petitioner next alleges he received ineffective assistance of trial counsel. Specifically, Petitioner argues his trial counsel failed to object to an erroneous jury instruction relating to unanimity; to the court's ruling regarding Juror # 7's statement to the prosecutor; and to evidence, specifically text messages, not authenticated pursuant to Texas Rule of Evidence Rule 901. (D.E. 1, Pages 6, 8 and 9). For the reasons stated below, the undersigned recommends these claims should be denied.

The state habeas court found Petitioner "has failed to show that counsel's performance was deficient or that he was prejudiced by counsel's actions. Unanimity was not required as to whether he committed murder as a principal actor or as a party, the complained of juror communication was an innocuous comment or exchange unrelated to his case and, based on the content and context of the properly authenticated text messages, it was reasonable for the jury to infer that they were associated with" Petitioner. (D.E. 13-5, Page 34). The state habeas court further determined "[i]t would not have been error for the Court to overrule all these suggested objections [and therefore Petitioner] has not proved, by these issues or otherwise, that he received ineffective assistance of counsel." (D.E. 13-5, Page 34).

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Id.* at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citation omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id. at 689.* The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 690.

An ineffective assistance of counsel claim raised in a habeas petition must therefore be analyzed under both the *Strickland* and § 2254(d) standards. As these standards are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Richter*, 562 U.S. at 105 (citations omitted). The federal habeas court asks not whether

defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the *Strickland* standard was unreasonable. *Id.* at 101. "Under AEDPA…it is a necessary premise that the two questions are different." *Id.* Because the *Strickland* standard is a general one, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough*, 541 U.S. at 664). Thus, where § 2254(d) applies to a *Strickland* claim, habeas relief is appropriate only when the petitioner shows there is no reasonable argument that counsel's performance satisfied *Strickland*'s deferential standard. *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012).

Petitioner's first argues his trial counsel should have objected to a jury instruction related to whether Petitioner was guilty of murder as a primary actor or was guilty as a party to the murder.[4] (D.E. 1, Page 6). The instruction at issue stated in pertinent part:

> You need not be unanimous in either your "guilty" or "not guilty" verdict
> as to whether the defendant is liable as the primary actor or as a party to the
> offense. If you all agree the defendant is guilty either as the primary actor

---

[4] Texas Penal Code § 7.02 provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent
> or nonresponsible person to engage in conduct prohibited by the definition of the offense;
> (2) acting with intent to promote or assist the commission of the offense, he solicits,
> encourages, directs, aids, or attempts to aid the other person to commit the offense; or
> (3) having a legal duty to prevent commission of the offense and acting with intent to
> promote or assist its commission, he fails to make a reasonable effort to prevent
> commission of the offense.

(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed
by one of the conspirators, all conspirators are guilty of the felony actually committed, though
having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose
and was one that should have been anticipated as a result of the carrying out of the conspiracy.

or as a party, then you must find the defendant "guilty." If you all agree the state has failed to prove, beyond a reasonable doubt, either that the defendant is guilty as a primary actor or as a party, you must find the defendant "not guilty."

(D.E. 10-3, Page 9).

Petitioner asserts the jury instruction should have stated it had to be a unanimous vote that he was guilty of murder as either a principal actor or as a party. However, as found by the state habeas court, "[u]nanimity was not required as to whether he committed murder as a principal actor or as a party." (D.E. 13-5, Page 34). Under Texas law, a jury need not achieve unanimity with respect to whether an accused is guilty of murder as a principal actor or as a party. *Leza v. State*, 351 S.W.3d 344, 357-58 (Tex. Crim. App. 2011) (Jury unanimity is required on the essential elements of the offense, not whether a defend is guilty as a principal actor or as a party); *Hernandez v. State*, No. 05-18-00172-CR, 2019 WL 3543576, at *5 (Tex. App. Aug. 5, 2019) ("Penal code section 7.02, which defines party liability, describes alternative manners by which an accused may be held accountable for another's conduct, not the elements of the underlying offense.") (citing *Leza*, 351 S.W.3d at 357); *Torres v. State*, 560 S.W.3d 366, 376 (Tex. App. 2018) (citing *Leza*, 351 S.W.3d at 357) ("Criminal liability under section 7.02 is not an element of the charged offense…[and] [t]herefore, the jury was not required to unanimously determine Torres's 'precise role' in [the] murder; instead each juror was required to find Torres guilty of each constituent element of [the] murder - as a principal actor, a party, or as a conspirator.") Therefore, Petitioner's argument is without merit as counsel is not responsible for filing frivolous motions or making frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037

14 / 22

(5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.") (citation omitted).

Petitioner's next claims his trial counsel was ineffective by failing to preserve the record when he did not object to the trial court's ruling pertaining to Juror # 7.  (D.E. 1, Page 8).  Juror # 7 made a statement to the prosecutor in an elevator during the trial.  As stated by the prosecutor, Matthew Manning, bringing the interaction immediately to the Court's attention:

> When I was coming up in the elevator, Your Honor, I held the door open. Mr. Gilmore was there, a couple of other lawyers, they were joking with me about holding the door open.  The juror who sits in this seat, I guess Juror Number 12,[5] got on the elevator and said, "Manning, you know, you're all right in my book, I don't care what Santa says about you," cracked a little joke, but I did not make any comment to him.  I have Mr. Gilmore here to attest to that, I said nothing to the juror.  But I wanted the Court to know that, I don't know if that's error or what we need to do, but I wanted to point it out.

(D.E. 9-13, Page 116).

Mr. Gilmore then testified that the facts were just as described by Mr. Manning and there was no improper interaction.  (D.E. 9-13, Page 117).  The trial court held it was not an error as it was a "casual greeting or a casual remark that may have been at somebody trying to make a joke," Mr. Manning did not engage in conversation with the juror, and the jury panel would again be admonished at the end of the day about the rules related to engaging in conversations and contact.  (D.E. 9-13, Pages 116-119).

---

[5]The juror involved was later correctly identified as Juror #7.  (D.E. 9-13, Page 120).

As found by the state habeas court, the undersigned recommends "the complained of juror communication was an innocuous comment or exchange unrelated to his case." (D.E. 13-5, Page 34).  Petitioner has not alleged how this comment demonstrated bias against him or otherwise rendered Juror # 7 unable to make an impartial verdict decision. Even if Juror # 7 knew one of the prosecutors, this alone would have been insufficient to show bias or to serve as a basis for disqualification.  *Montoya v. Scott*, 65 F.3d 405, 420 (5th Cir. 1995) ("[T]he mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly relations with, one of the parties to a suit, is not sufficient basis for disqualification.") (citations omitted); *Hatley v. Thaler*, No. 3:08-cv-0183-L, 2010 WL 779242, at *4-5 (N.D. Tex. Mar. 5, 2010) (No evidence of bias where a prosecutor and juror attended the same church).  Here, a single, one-sided comment not pertaining to the case made in an elevator with others present does not demonstrate an inherently significant relationship to presume bias.  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (citations omitted).  Therefore, this claim is not entitled to habeas relief.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (Given the deference due to state court decisions, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue) (citation omitted).  Further, Petitioner's trial counsel is entitled to formulate a strategy that was reasonable at the time.  Here, trial counsel made the decision not to single out Juror #7 during the trial, choosing instead for the entire panel to be admonished at the end of the

day, because he did not "want to make an enemy out of somebody."  (D.E. 9-13, Page 119).
This strategic decision is entitled to deference.  *Strickland*, 466 U.S. at 689 (Counsel must
be given wide latitude to make tactical decisions during trial and "the defendant must
overcome the presumption that, under the circumstances, the challenged action 'might be
considered sound trial strategy.'") (citation omitted).

Lastly, Petitioner asserts his trial counsel was ineffective for failing to object to
evidence, specifically text messages, not authenticated pursuant to Texas Rule of Evidence
Rule 901.  (D.E. 1, Page 9).  Petitioner argues that during the trial, his trial counsel failed
to make an objection or request a limiting instruction that the text messages were not
properly authenticated as having originated from Petitioner.  (D.E. 1, Page 9).

Texas Rule of Evidence 901 governs the general authentication requirements for the
admissibility of evidence and requires the proponent to produce "evidence sufficient to
support a finding that the item is what the proponent claims it is."  This may be done in a
variety of ways, including testimony of a witness with knowledge that the item is what it
is claimed to be.  *Id*.; *Butler v. State*, 459 S.W.3d 595, 601 (Tex. Crim. App. 2015) ("A
witness might have 'knowledge" of the authorship of a text message for a number of
reasons," including that the witness has knowledge that "a text message came from a phone
number known to be associated with the purported sender" or that the cell phone number
is associated with a particular individual which "might suggest that the owner or user of
that number may be the sender of the text message.") (citations omitted).  In addition to
witness testimony, other evidence, both direct or circumstantial, may be considered by

reviewing the "appearance, contents, substance, internal patterns, or other distinctive characteristics of an item, taken together with all the circumstances" which "support[s] a conclusion that a message indeed emanated from the purported author." *Butler*, 459 S.W.3d at 602 (citing Tex. R. Evid. 901).  For example, "the content and/or context of a particular exchange of messages may create an inference supporting the conclusion that it was in fact the purported author who sent them." *Id.* at 603 (citations omitted).  A trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic.  *Id.* at 600 and 604-05 (Upholding the admission of text messages because the content of the messages supported a find that the messages were what the State purported them to be – text messages between the defendant and his girlfriend).

At trial, Skeeter Upton, an intelligence analyst, testified that a phone number ending in 2345 was linked to Petitioner's Facebook profile.  (D.E. 9-13, Pages 218-219).  He further testified that a phone number ending in 8194 was associated with Latoya Davis (Green), who was known as Petitioner's wife.  (D.E. 9-13, Pages 219-220 and D.E. 9-14, Pages 21-22 and 183-184).  The messages at issue were exchanged between the two numbers two days after the murder do not directly discuss the murder but make references that Petitioner was allowing one of his accomplices to stay at "our house" because he was responsible for getting her "into this so its only right that we look after her until she can find somewhere to go" and the response from Ms. Davis that:  "How the f*** you get her into this you aint put no gun to her head she had all the choices yall was just on some

gangster s*** and she wanted to prove to you she wasnt no punk."  (D.E. 9-14, Page 22-30; D.E. 9-19, Pages 63-65 and D.E. 12-6, Pages 5-6).

The undersigned agrees with the state habeas court which determined that "based on the content and context of the properly authenticated text messages, it was reasonable for the jury to infer that they were associated with" Petitioner.  (D.E. 13-5, Page 34).  There was witness testimony linking both telephone numbers to Petitioner's Facebook profile and Ms. Davis and the contents and context of the messages two days after the murder are sufficient to support the conclusion that messages are what they are purported to be – text messages between Petitioner and Ms. Davis.  Therefore, Petitioner's argument is without merit as counsel is not responsible for filing frivolous motions or making frivolous objections.  *Green*, 160 F.3d at 1037.  Further, Petitioner does not provide any argument as to what limiting instruction his trial counsel should have requested or indicate any legal basis for a limiting instruction.

Additionally, for all his claims of ineffective assistance of counsel, Petitioner fails to overcome the strong presumption of competence owed to his counsel's conduct.  *Strickland*, 466 U.S. at 690; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) ("We must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy.") (citation omitted).  Further, even if Petitioner could show counsel's performance fell below an objective standard of reasonableness, he has not shown how any deficient performance prejudiced the defense as, for reasons discussed above, such objections would have been futile, there was no

evidence of bias and there was sufficient testimony, including from an accomplice, that Petitioner actively participated in the murder. *Id.* at 687-88; *Norris v. Davis*, 826 F.3d 821, 835 (5th Cir. 2016) ("Norris cannot show *Strickland* prejudice in light of the overwhelming evidence of his guilt."); *Hoover v. Davis*, No. 4:19-0905, 2020 WL 1430498, at *9 (S.D. Tex. Mar. 23, 2020) (Petitioner failed to demonstrate his counsel's allegedly deficient performance caused him prejudice given the strong evidence of his culpability). Accordingly, the undersigned recommends Petitioner has failed to show either counsels' performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88.

Further, the state habeas court determined "[i]t would not have been error for the Court to overrule all these suggested objections [and therefore Petitioner] has not proved, by these issues or otherwise, that he received ineffective assistance of counsel." (D.E. 13-5, Page 34). Petitioner has provided little to no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Rather, Petitioner repeats the same arguments as his state habeas petition. Having independently reviewed the entire state court record and for the reasons discussed above, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in the state

court's determination of facts in light of the evidence. *Richter*, 526 U.S. at 98.  Therefore,

te undersigned **RECOMMENDS** Petitioner fails to meet his burden under AEDPA.

## VI.     RECOMMENDATION

As discussed above, the undersigned **RECOMMENDS** Petitioner's claims do not

warrant federal habeas relief and Respondent's Motion for Summary Judgment be

**GRANTED**.  (D.E. 14).

ORDERED on April 28, 2023.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).